UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **TORRANCE FLEMINGS,** <br> **TDCJ # 1369010,** <br><br> **Plaintiff** <br><br> v. <br><br> **WARDEN F/N/U MARTON, ET AL.,** <br><br> **Defendants** | §§§§§§§§§§ | Civil Action <br> No. SA-10-CA-347-XR (NN) |

# O R D E R

  Before the Court is Plaintiff Torrance Fleming's 42 U.S.C. § 1983 Civil Rights Complaint. A civil rights complaint may not proceed until the plaintiff has paid the $350.00 filing fee or the plaintiff is granted leave to proceed in forma pauperis (IFP). Plaintiff's Complaint is not accompanied by the filing fee or a completed IFP application. **Plaintiff shall pay the filing fee or submit a current application to proceed IFP (which must be accompanied by a current institutional trust fund account statement showing deposits and balances to his institutional account for the previous six months) within twenty-one (21) days**.

  Plaintiff Fleming's 25-page Complaint, incorporating more than 55 pages of attachments for a total of more than eighty pages, complains about the conditions of his confinement at the TDCJ Connally Unit. Federal Rule of Civil Procedure 8(a)(2) requires that a Complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965-66, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). State authorities' failure to comply with state law or prison regulations is not a constitutional violation and thus is not a basis for a civil rights claim. *See Jackson v. Cain*, 864 F. 2d 1235, 1251-52 (5th Cir. 1989). The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001).

**To focus and clarify Plaintiff's claims the Court directs Plaintiff to file an amended complaint of no more than ten (10) pages (including exhibits) stating his claims against Defendants within twenty-one (21) days using the standard § 1983 civil rights complaint form used in this Court**. The amended complaint shall state among other things: a *factual* description of the incidents Plaintiff complains about and when these incidents took place; how Defendants were involved in the incidents Plaintiff complains about and how Defendants harmed Plaintiff or violated Plaintiff's federal or constitutional rights; what injury Plaintiff incurred; and what relief Plaintiff seeks. *See* Fed. R. Civ. P. 8(a). *A copy of the standard § 1983 form, IFP form, and a TDCJ trust fund account statement are available from Plaintiff's Unit law library*.

If Plaintiffs fail to comply with this Order, this action shall be dismissed for failure to prosecute and failure to comply with the orders of this Court pursuant to Fed. R. Civ. P. 41(b).

**SIGNED** on May 13, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE